﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190814-21559
DATE: April 30, 2020

ORDER

1. New and relevant evidence having been received, readjudication of the claim for service connection for lumbar disc disease is warranted.

2. Entitlement for service connection for lumbar disc disease is denied.

3. Entitlement to service connection for irritable bowel disease is denied.

REMANDED

Entitlement to an initial increased disability rating in excess of 30 percent for service-connected posttraumatic stress disorder (PTSD), is remanded.

FINDINGS OF FACT

1. New evidence was received after the unappealed (and final) February 2004 denial that is relevant to the issue of entitlement to service connection for lumbar disc disease.

2. The preponderance of the evidence is against a finding that the Veteran’s lumbar disc disease is due to an event, disease, or injury in service.

3. At no time during the current appeal period has the Veteran been diagnosed with irritable bowel disease related to his active duty.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the claim for service connection for lumbar disc disease have been met. 38 C.F.R. § 3.156(d).

2. The criteria for service connection for lumbar disc disease are not met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

3. The criteria for service connection for irritable bowel disease are not met. 38 U.S.C. § 1131; 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service in the Navy from January 1976 to September 1976.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the Direct Review, a process in which the Board reviews evidence of record at the time of the prior decision.

New and Relevant Evidence—Lumbar Disc Disease

VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter at issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

The question here is whether the additional evidence received after the prior final denial of the claim for service connection for lumbar disc disease in in the legacy system is new and relevant to the underlying service connection claim. The Veteran believes that he has. 

Indeed, and in this regard, the Board finds that the Veteran submitted new evidence after the prior final February 2004 rating decision in the legacy system, that is relevant to his current lumbar spine claim. Specifically, a new VA examination and opinion was obtained in June 2017. This evidence was not already of record and may prove or disprove the nexus element of the claim for service connection for lumbar degenerative disc disease. Readjudication of the claim is warranted.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may only be granted for a current disability when a claimed condition is not shown, there may be no grant of service connection. 38 U.S.C. § 1110; Rabideau v. Derwinski, 2 Vet. App. 141 (1992). 

In McClain v. Nicholson, 21 Vet. App. 319, 321 (2007), the United States Court of Appeals for Veterans Claims (Court) held that the requirement of the existence of a current disability is satisfied when a veteran has a disability at the time he files his claim for service connection or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. However, in Romanowsky v. Shinseki, 26 Vet. App. 289 (2013), the Court held that, when the record contains a recent diagnosis of disability prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency.

As discussed above, a requirement for service connection is a current disability. Current means near the time a claim is filed or at any time during its pendency. McClain v. Nicholson, 21 Vet. App. 319 (2007). Disability “refers to the functional impairment of earning capacity.” Saunders v. Wilkie, No. 886 F.3d. 1356 (Fed. Cir. 2018) (holding that pain can constitute a current disability, even without an underlying diagnosis, if it causes sufficient functional impairment). 

Lay assertions may serve to support a claim for service connection by establishing the occurrence of observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1153(a); 38 C.F.R. § 3.303(a) (2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has clarified that lay evidence can be competent and sufficient to establish a diagnosis or etiology when (1) a lay person is competent to identify a medical condition; (2) the lay person is reporting a contemporaneous medical diagnosis; or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

After considering all information and lay and medical evidence of record in a case with respect to benefits under laws administered by the Secretary, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be given to the claimant. 38 U.S.C. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2016). The benefit of the doubt rule is inapplicable when the evidence preponderates against the claim. Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran. The pertinent evidence is addressed in detail below.

Lumbar Disc Disease

The Veteran contends that his lumbar disc disease should be service-connected. As an initial matter, the Veteran has been diagnosed with lumbar osteoarthritis and degenerative disc disease in June 2017. As such, the Board finds the current disability element is established. 

Second, there is evidence of an in-service event, disease, or injury. Service treatment records indicate that while aboard the USS Talbot, the Veteran was painting the side of the ship and fell about 20 feet into the water. The Veteran reported that the fall caused back pain but he was never seen for this injury by any medical personnel during active service. Additionally, service treatment records from July 1976 indicted that upon entry into the Navy the Veteran had a motorcycle accident causing back pain. Thus, the Board concludes that the second element of service connection—an in-service event, disease, or injury—is satisfied.

As the current disability element of the claim, as well as the in service event, are met, the salient question is whether there is a relationship between the two that would substantiate the nexus element. In this regard, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s current disability is due to an injury in service.

In this regard, the Board acknowledges that the Veteran underwent a June 2017 VA examination and opinion to assess his back pain. The VA examination of the lumbar spine revealed a favorable diagnosis of lumbar disc disease. See August 2018 RAMP rating decision. The physician indicated that the entire Veteran’s claim file was reviewed and diagnosed the Veteran with lumbar osteoarthritis and degenerative disc disease. Additionally, the VA examiner took into consideration the Veteran’s lay statements. The Veteran described to the VA examiner his in service injury to his back when he fell off the USS Talbot. The VA examiner noted that the Veteran’s separation examination showed normal results and no back pain. Additionally, after a review of the Veteran’s entire claims file, the VA examiner noted that it was not until 2012 when the first medical records of back pain emerged. Significantly, the records show that the Veteran reported the date of his onset of back pain was from a sports injury in January 2012. Further, the VA examiner reported that the Veteran’s private medical records report that the Veteran has been seeing a private physician in recent years for epidural steroid injections and improvement has been shown over the last eight months. Lastly, the VA examiner noted that the Veteran has not had back surgery to date.

In forming a medical opinion as to whether the Veteran’s lumbar disc disease is service-connected, the VA examiner indicated that the Veteran’s statements, medical history, all available documentation, and post-service medical records, were taken into consideration. The VA examiner opined that the Veteran’s lumbar disc disease was less likely than not related to active service and that the back pain was not aggravated beyond its natural progression by an in-service event. The rationale given by the VA examiner stated that the normal progression of aging plus the Veteran’s robust post military civilian occupation(s) are more likely as not causative of his lumbar diagnosis. Further, the VA examiner reported that the Veteran’s back pain he experienced before entering service from the motorcycle accident was not aggravated by falling off the ship. The VA examiner also noted that there were no service treatment records that clearly affirm any clinical residual from the fall. Significantly, the VA examiner reported that the Veteran’s back pain dates from an injury in 2012, not from an in-service event.

The Board finds that the VA examiner’s opinion is probative because the examiner thoroughly reviewed and discussed the relevant evidence, personally examined the Veteran, considered the contentions of the Veteran, and provided thorough supporting rationale for the conclusions reached. Barr v. Nicholson, 21 Vet. App. 303 (2007). Thus, the Board finds that the VA examiner’s opinion is competent and persuasive and assigns it high probative value.

Additionally, a review of the record indicates that private medical records support the findings from the June 2017 VA examination and opinion. A January 2017 private medical examination reported the Veteran’s lumbar spine injury involved a sports injury and that the Veteran indicated that the symptoms have been present since the date of onset in 2012. At this examination, the Veteran described his back pain as mild to moderate.

As noted, the first evidence of a diagnosis of lumbar disc disease is in June 2017, over 40 years after service separation. The Board notes that the passage of time between the Veteran’s discharge and an initial diagnosis for the claimed disorder is one factor that weighs against the Veteran’s claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). Post service, available records indicate that there are no complaints of low back from discharge until the sports injury that occurred in 2012. 

In sum, the Veteran has not presented, nor has the Board discovered in reviewing his medical records, any medical nexus opinions which contradict the June 2017 VA examiner’s negative nexus opinion. The Board must evaluate the claim on the evidence of record, which does not contain any medical evidence that the Veteran’s lumbar disc disease is related to active service, regardless of whether it occurred in active service. 

After carefully reviewing the record, the Board finds that the preponderance of the evidence is against the Veteran’s claim for service connection for lumbar disc disease. As noted above, there is no evidence of a medical nexus between the Veteran’s lumbar disc disease and active service. Also, available service treatment records do not show any findings or diagnoses of a back disability. 

The Board acknowledges that the Veteran is competent to relate symptoms within the realm of his personal knowledge, just as he is competent to relate what he has been told by an examiner. Layno v. Brown, 6 Vet. App. 465, 469-70 (1994); Jandreau, 492 F.3d at 1377. However, the question of whether his current disability is related to his service is a complex medical question, not capable of lay observation. Jandreau, 492 F.3d at 1376. Because the evidence does not indicate that the Veteran has the appropriate training, experience, or expertise to provide a medical opinion concerning the etiology of his current back disability, he is not competent to comment on the etiology. Significantly, and in this regard, the Board finds significant the fact that the first diagnosis of a back disability occurred more than 40 years after the Veteran’s separation from active duty. 

Accordingly, the Board finds that the most probative evidence demonstrates that the Veteran’s lumbar disc disease did not develop in service. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107 (b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990). Therefore, service connection for lumbar disc disease is denied.

Irritable Bowel Disease

The Veteran contends that he has irritable bowel disease related to his active service. Unfortunately, the Board finds insufficient evidence of a diagnosis of irritable bowel disease related to service at any time during the current appeal period.

Specifically, service treatment records are silent for complaints of, or treatment for, irritable bowel disease. Additionally, all available VA treatment records are negative for a diagnosis for irritable bowel disease.

At a June 2017 VA examination, specifically for rectal and anus conditions, the examiner determined that the Veteran does not have a diagnosis of irritable bowel disease. 

Lastly, the Veteran has not submitted any outstanding records pertinent to his claim, including any private treatment records, that refute the finding that he does not have irritable bowel disease. 

Significantly, throughout the entire appeal period, the Veteran does not have a diagnosis of irritable bowel disease. When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. at 55. 

In sum, service connection may only be granted for a current disability. When a claimed condition is not shown, there may be no grant of service connection. 38 U.S.C. § 1110; Rabideau v. Derwinski, 2 Vet. App. at 141. Here, as there is no diagnosis of irritable bowel disease related to service shown at any time during the current appeal, the preponderance of the evidence of record is against the claim for service connection for irritable bowel disease. McClain, supra. Service connection for this disability is not warranted and must be denied.

REASONS FOR REMAND

Increased Rating for Service-Connected PTSD

After carefully considering this matter, and for reasons expressed immediately below, the Board finds that the issue for entitlement to an initial increased disability rating in excess of 30 percent for service-connected PTSD must be remanded for further development. 

A veteran is entitled to a new VA examination where there is evidence that the disability has worsened since the last VA examination. Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994) (wherein the United States Court of Appeals for Veterans Claims (Court) determined that the Board should have ordered a contemporaneous examination of the Veteran because a 23 month old examination was too remote in time to adequately support the decision in an appeal for an increased rating). The Court has also held that VA’s statutory duty to assist the Veteran includes the duty to conduct a thorough and contemporaneous examination so that the evaluation of the claimed disability will be a fully informed one. Green v. Derwinski, 1 Vet. App. 121, 124 (1991).

Notably, the direct review docket only permits the Board to review the evidence of record at the time of the prior agency of original jurisdiction (AOJ) rating decision. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). However, when the Board identifies a pre-decisional duty to assist error (under Pub. L. No. 115-55, section 2(d)(2); 38 C.F.R. §§ 3.159(c), 20.802(a)), the Board will remand the appeal back to the AOJ with instructions to correct the error. Following correction of the error, the AOJ must readjudicate the issue. Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 3.2502. A claimant may choose to file a new appeal to the Board from such readjudication or request higher-level review or a supplemental claim with the AOJ.

Here, prior to the August 2018 RAMP rating decision on appeal, there were multiple indications (from the Veteran’s statements and from outpatient treatment records) that his service-connected PTSD had worsened. Specifically, the Veteran asserted that his service-connected PTSD has increased in severity since the last VA examination in June 2017. At a September 2017 VA PTSD therapy session, the Veteran reported frequent mood swings due to various stressors. At a March 2018 VA PTSD therapy session, he indicated that he does not feel contentment in his life. Significantly, at another VA PTSD therapy session in April 2018, he noted that he has been increasingly having a difficult time maintaining relationships. Further, at a July 2018 VA therapy session, he reported increased periods of stress and low mood. Lastly, in a May 2018 VA outpatient treatment record, the VA examiner indicated that the Veteran has been suffering from increased depression and anxiety recently and has been having difficulty in personal relationships due to the impact of his past sexual assault and physical trauma in active service. 

Significantly, however, the Veteran was not accorded a new VA examination prior to the August 2018 rating action. In light of the Veteran’s complaints and pertinent medical findings of record prior to the August 2018 rating decision on appeal, the Board finds that a remand of the Veteran’s claim for an increased rating for his service-connected PTSD is necessary to correct this pre-decisional duty-to-assist error. Specifically, on remand, the Veteran should be accorded a current VA examination to ascertain the current severity of his service-connected PTSD. This matter is REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected PTSD. The examiner should provide a full description of this disability and report all signs and symptoms necessary for evaluating this disorder. The examiner should elicit information regarding the severity, frequency, and duration of the relevant symptoms. To the extent possible, the examiner should identify the extent of any social and occupational impairment due to the Veteran’s PTSD alone.

A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or whether he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

No action is required of the Veteran until he is notified by VA. However, he is advised of his obligation to cooperate in ensuring that the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005); Wood v. Derwinski, 1 Vet. App. 190 (1991). His failure to help procure treatment records, or to report for a scheduled VA examination, may impact the decision made. 38C.F.R. § 3.655. He has the right to submit additional evidence and argument, whether himself or through his representative, with respect to this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). This matter must be afforded prompt treatment. The law requires that all remands by the Board or the Court be handled in an expeditious manner. 38U.S.C.A. §§ 5109B, 7112 (West 2014).

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Dourmashkin, Law Clerk 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.